**Valentino AMARO, Appellant**

v.

**Wentworth D. VEDDER; Richard Hernandez.**

No. 08–4130.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 26, 2009.

Filed: March 26, 2009.

**194**

Valentino Amaro, Cresson, PA, pro se.

Wentworth D. Vedder, Bala Cynwyd, PA, pro se.

Before: McKEE, FISHER and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Appellant Valentino Amaro appeals from the District Court's order dismissing his complaint. We will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B).

In 2008, Amaro filed a civil action under 42 U.S.C. § 1983 alleging that Vedder, Amaro's criminal defense attorney, violated his constitutional rights when representing him. Amaro also alleged that Hernandez, acting on behalf of the Disciplinary Board of the Supreme Court of Pennsylvania, violated his constitutional rights when he dismissed Amaro's formal complaint regarding Vedder's representation. Amaro sought declaratory and monetary relief from the District Court.

Amaro timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because Amaro is proceeding in forma pauperis, we must dismiss the appeal if it is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ As the District Court points out, Vedder is not a state actor acting under color of state law. The Supreme Court has held that an attorney, whether appointed by the state or privately retained, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 318–319, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *see also Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (1999). Therefore, Amaro cannot bring an actionable § 1983 claim against Vedder.

■ Amaro also fails to allege how Hernandez violated his constitutional rights in dismissing the formal complaint Amaro

filed with the Disciplinary Board of the Supreme Court of Pennsylvania. Therefore, we agree with the District Court that Amaro does not provide a basis for relief under 42 U.S.C. § 1983.

As the appeal lacks any arguable legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i). The motion for appointment of counsel is denied.